UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| PATRICIA R. GEHRING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:14CV56 JMB |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**
**OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Patricia R. Gehring brings this action for judicial review of an adverse decision by the Social Security Administration, claiming that the Commissioner of Social Security erred in her determination that plaintiff can perform work as it exists in the national economy and is therefore not disabled. Because the Commissioner did not err in this regard, her final decision denying disability benefits is affirmed.[1]

**I. Procedural History**

In November 2011, plaintiff filed for disability insurance benefits (DIB) and supplemental security income (SSI) pursuant to Titles II and XVI of the Social

---

[1] By consent of the parties, this matter is pending before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) for final disposition.

Security Act, 42 U.S.C. §§ 401, *et seq.*, and §§ 1381, *et seq.*, respectively, claiming that she became disabled on August 24, 2009, because of degenerative disc disease, arthritis of the spine, and damaged discs and vertebrae.[2] At plaintiff's request, a hearing was held before an administrative law judge (ALJ) on February 27, 2013, at which plaintiff and a vocational expert testified. On April 8, 2013, the ALJ denied plaintiff's claims for benefits, finding vocational expert testimony to support a finding that plaintiff could perform work that exists in significant numbers in the national economy. (Tr. 7-22.) On March 21, 2014, the Appeals Council denied plaintiff's request for review of the ALJ's decision. (Tr. 1-3.) The ALJ's decision is thus the final decision of the Commissioner. 42 U.S.C. § 405(g).

In this action for judicial review, plaintiff challenges the testimony of the vocational expert and the ALJ's reliance on this testimony to support his finding that plaintiff is not disabled. Plaintiff specifically contends that the expert failed to consider the extent to which her residual functional capacity (RFC) limitation of "no stooping" erodes the occupational base and, further, provided testimony regarding the availability of jobs that was inconsistent with the Dictionary of Occupational Titles (DOT). Plaintiff requests that the Commissioner's final decision be reversed and that the matter be remanded for an award of benefits. In

---

[2] Although her applications for benefits refer to an alleged onset date of August 24, 2009, plaintiff reported in her Disability Report that her disability began on March 14, 2009. At the administrative hearing, plaintiff testified to an alleged onset date of March 14, 2009, and the ALJ refers to this date in his written decision as the alleged onset date of disability.

the alternative, plaintiff requests that the matter be remanded for further proceedings to clarify the impact of plaintiff's "no stooping" limitation on the range of existing work.

Because the ALJ did not err in his reliance on vocational expert testimony in this cause, the final decision of the Commissioner is affirmed.

## II. Legal Standards

To be eligible for DIB and SSI under the Social Security Act, plaintiff must prove that she is disabled. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Secretary of Health & Human Servs.,* 955 F.2d 552, 555 (8th Cir. 1992). The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). An individual will be declared disabled "only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner engages in a five-step evaluation process to determine

whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The first three steps involve a determination as to whether the claimant is currently engaged in substantial gainful activity; whether she has a severe impairment; and whether her severe impairment(s) meets or medically equals the severity of a listed impairment. At Step 4 of the process, the ALJ must assess the claimant's RFC – that is, the most the claimant is able to do despite her physical and mental limitations, *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011) – and determine whether the claimant is able to perform her past relevant work. *Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (RFC assessment occurs at fourth step of process). If the claimant is unable to perform such past work, the Commissioner continues to Step 5 and determines whether the claimant can perform other work as it exists in significant numbers in the national economy. If so, the claimant is found not to be disabled, and disability benefits are denied.

The claimant bears the burden through Step 4 of the analysis. If she meets this burden and shows that she is unable to perform her past relevant work, the burden shifts to the Commissioner at Step 5 to produce evidence demonstrating that the claimant has the RFC to perform other jobs in the national economy that exist in significant numbers and are consistent with her impairments and vocational factors such as age, education, and work experience. *Phillips v. Astrue*, 671 F.3d

699, 702 (8th Cir. 2012). If the claimant has non-exertional impairments, such as pain or postural limitations, the Commissioner may satisfy her burden at Step 5 through the testimony of a vocational expert. *Pearsall*, 274 F.3d at 1219.

This Court will affirm the denial of disability benefits if substantial evidence on the record as a whole supports the ALJ's decision. *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010). Substantial evidence is "less than a preponderance but . . . enough that a reasonable mind would find it adequate to support the conclusion." *Id.* (alteration in original) (quotation marks omitted). Testimony from a vocational expert constitutes substantial evidence if it is based on a properly phrased hypothetical question and is not inconsistent with the DOT. *Moore v. Colvin*, 769 F.3d 987, 990 (8th Cir. 2014); *Porch v. Chater*, 115 F.3d 567, 571-72 (8th Cir. 1997); *Pickney v. Chater*, 96 F.3d 294, 296 (8th Cir. 1996). "When expert testimony conflicts with the DOT, and the DOT classifications are not rebutted, the DOT controls." *Porch*, 115 F.3d at 572.

### III. The ALJ's Decision

Upon review of the evidence of record here, the ALJ found plaintiff not to have engaged in substantial gainful activity since March 14, 2009. The ALJ found plaintiff to have the following severe medically determinable impairments: degenerative disc disease of the lumbar and upper spine with bilateral radiculopathy, degenerative joint disease/osteoarthritis of the knees, obesity,

fibromyalgia, and insomnia; but determined that these impairments, whether considered singly or in combination, did not meet or medically equal an impairment listed in the Listings of Impairments at 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 12-15.) The ALJ then assessed plaintiff's RFC and determined that plaintiff could perform sedentary work with the following limitations:

> [T]he claimant is limited to no climbing ramps, stairs, ladders, ropes, or scaffolds. The claimant is limited to no stooping, kneeling, crouching, crawling, and rotation at the waist. The claimant can have no exposure to extreme heat. The claimant can have occasional exposure to unprotected heights and moving mechanical parts. The claimant should be allowed a 5-minute break per hour, but the claimant would not need to leave the work area to accommodate this break. Although off task, in addition to the unscheduled 5-minute breaks, the claimant's off-task behavior could be accommodated by normal breaks.

(Tr. 15.) Finding plaintiff not to have any past relevant work, the ALJ continued to Step 5 of the sequential analysis and determined that vocational expert testimony supported a finding that plaintiff could perform other work as it exists in significant numbers in the national economy. The ALJ therefore found plaintiff not to be under a disability. (Tr. 20-22.)

## IV. Discussion

Plaintiff does not challenge any of the ALJ's findings through Step 4 of the sequential analysis, including the RFC determination or the manner and method by which the ALJ reached these conclusions. Instead, plaintiff challenges the vocational expert's testimony that a person with these limitations could

nevertheless perform work, arguing that such testimony failed to account for a reduction in the occupational base and was inconsistent with the DOT. For the following reasons, plaintiff's claims fail.

At the administrative hearing, the ALJ asked the vocational expert to consider a person of plaintiff's age, with plaintiff's level of education and work experience, and who had the RFC limitations set out above. In response, the expert testified that such a person could perform sedentary, unskilled work as an addresser, order clerk, and dowel inspector. (Tr. 78-79.)[3] The ALJ relied on this testimony in his written decision to find plaintiff not disabled. (Tr. 21-22.) Plaintiff claims, however, that her RFC limitation to "no stooping" significantly erodes the availability of sedentary work and that the expert failed to account for this reduction in her testimony. Relying on Social Security Ruling 96-9p and provisions from the Social Security Administration's Program Operations Manual System (POMS),[4] plaintiff contends that this limitation to "no stooping" erodes the unskilled sedentary occupational base to such a degree that a finding of disability should apply.

Social Security Ruling (SSR) 96-9p, 1996 WL 374185 (Soc. Sec. Admin.

---

[3] With respect to the number of such jobs, the expert testified that 3,000 jobs as an addresser exist in the State of Missouri and 96,000 nationally; 525 jobs as an order clerk exist in the State of Missouri and 26,250 nationally; and 430 jobs as a dowel inspector exist in the State of Missouri and 16,500 nationally. (Tr. 78-79.)

[4] POMS guidelines have no legal force and do not bind the Commissioner. *Berger v. Apfel*, 200 F.3d 1157, 1161 (8th Cir. 2000) (quoting *Schweiker v. Hansen*, 450 U.S. 785, 789 (1981)).

July 2, 1996), "explain[s] the Social Security Administration's policies regarding the impact of a residual functional capacity (RFC) assessment for less than a full range of sedentary work on an individual's ability to do other work." *Id.* at *1. Relevant to plaintiff's argument here is the Ruling's statement regarding postural limitations, and specifically, that

> [a]n ability to stoop occasionally; i.e., from very little up to one-third of the time, is required in most unskilled sedentary occupations. A *complete* inability to stoop would significantly erode the unskilled sedentary occupational base and a finding that the individual is disabled would usually apply[.] . . . Consultation with a vocational resource may be particularly useful for cases where the individual is limited to less than occasional stooping.

*Id.* at *8.

With the RFC assessment as determined by the ALJ, plaintiff is limited to less than the full range of sedentary work. As stated in SSR 96-9p, however, "a finding that an individual has the ability to do less than a full range of sedentary work does not necessarily equate with a decision of 'disabled.'" 1996 WL 374185, at *1. While a finding of disabled "usually applies" when the full range of sedentary work is significantly eroded, such as when a claimant has a complete inability to stoop, the adjudicator is nevertheless "required to make an individualized determination" in deciding whether an individual who is limited to a partial range of sedentary work is able to make an adjustment to other work. *Id.* at *3. Such individualized determination includes consideration of the individual's

age, education, work experience, and transferrable skills; the type and extent of the individual's limitations or restrictions; and the extent of the erosion of the occupational base. *Id.* at *3, 5. Further, SSR 96-9p instructs that "[w]hen the extent of erosion of the unskilled sedentary occupational base is not clear, the adjudicator may consult various authoritative written resources, such as the DOT," and "may use the resources of a . . . vocational expert" in more complex cases. *Id.* at *9. This is precisely what the ALJ did here.

The POMS upon which plaintiff relies contains similar guidance. POMS DI 25020.005 addresses physical limitations and their effect on a person's ability to engage in work-related activities. This POMS provision recognizes that "[s]ome stooping is required to do almost any kind of work," with most sedentary work requiring occasional stooping. *See* POMS DI 25020.005(A)(9)(a), (b) (2012), *available at* http://policy.ssa.gov/poms.nsf/lnx/0425020005. This provision also instructs that "[w]hen appropriate, consult a Vocational Specialist to determine the effects of a particular limitation on the range(s) of work or particular occupation(s) being considered." POMS DI 25020.005(B). As noted above, this is precisely what the ALJ did here.

The vocational expert testified that a person whose limitations included no stooping could perform work as an addresser, order clerk, and dowel inspector as such positions are defined in the DOT. Although plaintiff claims that an inability

to stoop is inconsistent with the DOT's description of these jobs, this claim is without merit. Indeed, all of these sedentary jobs are described in the DOT as ones where stooping is "not present" and "does not exist." *See* DOT #209.587-010, 1991 WL 671797 (addresser); DOT #209.567-014, 1991 WL 671794 (order clerk); DOT #669.687-014, 1991 WL 686074 (dowel inspector). Accordingly, there is no inconsistency between plaintiff's limitation to no stooping, the DOT's descriptions, and the expert's testimony. *See Shackleford v. Astrue*, No. 4:10CV2175 AGF, 2012 WL 918864, at *14 (E.D. Mo. Mar. 19, 2012) (ALJ included inability to stoop in hypothetical and expert identified jobs that required no stooping, as corroborated by DOT descriptions).

An inability to stoop does not automatically result in a finding of disability, but instead requires an ALJ to consult vocational resources to determine the effect such a limitation has on the occupational base. *Holloway v. Astrue*, No. 4:11CV68 TIA, 2012 WL 1033283, at *12 (E.D. Mo. Mar. 27, 2012). The ALJ complied with this requirement by obtaining the testimony of a vocational expert given in response to a hypothetical question that contained this limitation, and the testimony provided by the expert did not conflict with the DOT. There is nothing in the record to suggest that the vocational expert ignored the "no stooping" limitation when she provided testimony that the listed occupations encompassed suitable jobs and at the numbers recited. The ALJ was therefore permitted to rely on the

expert's testimony to find plaintiff able to perform work as it exists in significant numbers in the national economy.  *See Moore v. Astrue*, 623 F.3d 599, 605 (8th Cir. 2010); *Holloway*, 2012 WL 1033283, at *12.  *See also Scruggs v. Astrue*, No. 4:10CV2440 CDP, 2012 WL 441150, at *8-9 (E.D. Mo. Feb. 10, 2012).[5]

Accordingly, for the reasons set out above on the claims raised by plaintiff on this appeal, the Commissioner's decision that plaintiff can perform other work as it exists in the national economy and thus is not under a disability is supported by substantial evidence on the record as a whole.

Therefore,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is **AFFIRMED.**  A separate Judgment in accordance with this Memorandum and Order is entered this same date.

Dated this  31st  day of   July  , 2015.

    /s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

---

[5] The number of jobs as recited by the vocational expert (*see* n. 3, *supra*) is sufficient to establish that such jobs exist in significant numbers in the national economy.  *See*, *e.g., Weiler v. Apfel*, 179 F.3d 1107 (8th Cir. 1999) (VE's testimony that 32,000 positions exist nationwide is substantial evidence supporting ALJ's finding that there exist a significant number of jobs that claimant can perform); *Long v. Chater*, 108 F.3d 185 (8th Cir. 1997) (30,000 jobs existing nationwide is a significant number); *Johnson v. Chater*, 108 F.3d 178 (8th Cir. 1997) (at least 10,000 jobs in national economy).